UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| | : | Crim. No. 22- |
| v. | : | |
| | : | 18 U.S.C. § 1349 |
| ANTONIO TEIXEIRA | : | 26 U.S.C. § 7201 |

**I N F O R M A T I O N**

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

**Count 1**
**(Wire Fraud Conspiracy)**

Background

1. At certain times relevant to Count 1 of this Information:

    a. Defendant Antonio Teixeira resided in Union County, New Jersey and served as the Chief of Staff to a New Jersey elected official ("Official-1").

    b. Sean Caddle was a resident of New Jersey and the principal of two political consulting firms: Arkady LLC and Red Cloud Strategies, LLC (together, the "Consulting Firms").

    c. The Consulting Firms were paid by various political campaigns, Political Action Committees (the "PACs") and Internal Revenue Code 501(c)(4) organizations (the "501(c)(4)s") to advocate on certain policy issues and support particular candidates for public office, including Official-1.

The Conspiracy

2. From in or about 2014 through in or about 2018, in Union County, in the District of New Jersey and elsewhere, defendant

**ANTONIO TEIXEIRA**

did knowingly and intentionally conspire and agree with Caddle to devise a scheme and artifice to defraud the campaigns, PACs, and 501(c)(4)s, in order to obtain money and property from them by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing such scheme and artifice to defraud, did transmit and cause to be transmitted by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, including an email sent on or about September 28, 2018, from a location outside of New Jersey to a location inside of New Jersey, contrary to Title 18, United States Code, Section 1343.

Goal of the Conspiracy

3. It was the goal of the conspiracy for Teixeira and Caddle to enrich themselves by obtaining money from the campaigns, PACs, and 501(c)(4)s through a scheme to submit fraudulently inflated invoices for campaign expenditures.

Manner and Means of the Conspiracy

4. It was part of the conspiracy that Teixeira encouraged Official-1 and others associated with the campaigns, PACs, and 501(c)(4)s to retain Caddle and the Consulting Firms to provide campaign-related services.

5. It was a further part of the conspiracy that Teixeira used his position as

the Chief of Staff to Official-1 to encourage the campaigns, PACs, and 501(c)(4)s to increase their expenditures on campaigns managed by the Consulting Firms.

6. It was a further part of the conspiracy that the Consulting Firms, acting through Caddle and with Teixeira's knowledge, e-mailed falsely inflated expenditure invoices to the campaigns, PACs, and 501(c)(4)s for services that were never actually performed.

7. It was a further part of the conspiracy that, after receiving wire payments from the campaigns, PACs, and 501(c)(4)s, Caddle and Teixeira split the fraudulently-obtained proceeds between themselves.

8. It was a further part of the conspiracy that Caddle disguised the fraudulently-obtained proceeds that were kicked back to Teixeira by issuing checks from the Consulting Firms to Teixeira's relatives. Teixeira's relatives, in turn, distributed those fraudulent-obtained proceeds to Teixeira.

In violation of Title 18, United States Code, Section 1349.

**Counts 2 to 5**
**(Income Tax Evasion – 2014 to 2017)**

1.  The allegations set forth in Paragraph 1 and Paragraphs 3 through 8 of Count 1 of this Information are realleged here.

2.  The Internal Revenue Service ("IRS"), an agency within the United States Department of Treasury, was responsible for administering and enforcing the tax laws of the United States and collecting taxes due and owing to the Treasury of the United States by its citizens, residents, and businesses.

3.  The tax laws of the United States required every citizen and resident of the United States who received income in excess of the minimum filing amount established by law for a particular tax year to make and file annually a U.S. Individual Income Tax Return, Form 1040, wherein the taxpayer reported items including income, deductions, and tax due and owing.

4.  Teixeira signed and caused to be filed with the IRS U.S. Individual Income Tax Returns, Forms 1040, for the tax years 2014, 2015, 2016, and 2017 (the "Income Tax Returns"). During those tax years, Teixeira fraudulently obtained the approximate amounts of income listed in the table below through the conspiracy described in Count 1 of this Information.

5.  The Income Tax Returns were not true and correct as to every material matter, as Teixeira well knew, in that on each of the Income Tax Returns, he did not report the fraudulent proceeds that he had received through the conspiracy described in Count 1 of this Information, upon which there was tax due and owing to the IRS.

6.  On or about the filing dates listed below, in the District of New Jersey

and elsewhere, defendant

## ANTONIO TEIXEIRA

did willfully attempt to evade and defeat a substantial part of the personal income tax due and owing by him to the United States, for the tax years set forth below, in the approximate amounts set forth below, by preparing and causing to be prepared, and by signing and causing to be signed, and by causing to be filed with the IRS false and fraudulent U.S. Individual Income Tax Returns, IRS Forms 1040:

| Count | Filing Date | Tax Year | Approximate Unreported Income | Approximate Tax Due & Owing |
|---|---|---|---|---|
| 2 | Jul. 31, 2018 | 2014 | $39,400 | $15,820 |
| 3 | Jul. 31, 2018 | 2015 | $14,000 | $5,478 |
| 4 | Jan. 2, 2019 | 2016 | $5,000 | $1,869 |
| 5 | Jan. 2, 2019 | 2017 | $27,000 | $10,088 |

In violation of Title 26, United States Code, Section 7201.

## Count 6
**(Income Tax Evasion - 2018)**

1. The allegations set forth in Paragraph 1 and Paragraphs 3 through 8 of Count 1 of this Information and Paragraphs 2 and 3 of Count 2 of this Information are realleged here.

2. During tax year 2018, Teixeira received income, including $22,400 in proceeds of the fraud described in Count 1 of this Information, upon which there was tax due and owing to the IRS.

3. Knowing the foregoing facts and failing to make an income tax return on or before April 15, 2019, as required by law, to any proper officer of the IRS, and to pay the income tax due and owing to the IRS, Teixeira willfully attempted to evade and defeat income tax due and owing by him to the United States of America, for the calendar year 2018, by receiving in cash part of the proceeds of the fraud described in Count 1 of this Information.

In violation of Title 26, United States Code, Section 7201.

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this Information are realleged here for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2. The United States gives notice to Teixeira that, upon conviction of the offense charged in Count 1 of this Information, the United States will seek forfeiture, in accordance with Title 18, United States Code, Sections 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or was derived, directly and indirectly, from proceeds traceable to the commission of that offense, totaling approximately $107,850.

3. If by any act or omission of Teixeira, any of the property subject to forfeiture described above:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of Teixeira up to the value of the above-described forfeitable property.

*Philip R. Sellinger/by LMC*

PHILIP R. SELLINGER
United States Attorney

CASE NUMBER:   22-

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**ANTONIO TEIXEIRA**

# INFORMATION FOR

18 U.S.C. § 1349
26 U.S.C. § 7201

**PHILIP R. SELLINGER**
*UNITED STATES ATTORNEY*
*NEWARK, NEW JERSEY*

SEAN FARRELL
LEE M. CORTES, JR.
*ASSISTANT U.S. ATTORNEYS*
*NEWARK, NEW JERSEY*
*(973) 645-6112*