

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street 7th floor   973-645-2700*
*Newark, New Jersey 07102*

July 29, 2022

John Lynch, Esq.
1814 Kennedy Blvd.
Union City, NJ 0708

      Re:    <u>Plea Agreement with Antonio Teixeira</u>

Dear Mr. Lynch:

      This letter sets forth the plea agreement between your client, Antonio Teixeira ("Teixeira"), and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the Department of Justice, Tax Division.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Teixeira to Counts 1 and 2 of a six-count Information, which charges him in Count 1 with conspiracy to commit wire fraud, contrary to 18 U.S.C. § 1343, and in violation of 18 U.S.C. § 1349 and in Count 2 with tax evasion for calendar year 2014, in violation of 26 U.S.C. § 7201.

      If Teixeira enters a guilty plea to Counts 1 and 2 of the Information and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Teixeira for: (1) his role in a conspiracy to falsely inflate invoices submitted to certain Super PACs and Internal Revenue Code 501(c)(4) organizations between in or about 2014 and in or about 2018; and (2) willfully evading personal income taxes on tax returns filed for calendar years 2014 through 2018, provided that: (a) Teixeira admits under oath at the time of his guilty plea to willfully evading personal income taxes on tax returns filed for calendar years 2015, 2016, 2017 and 2018; and (b) this conduct is

taken into account as relevant conduct by the Court at the time of sentencing pursuant to U.S.S.G. § 1B1.2(c).

In addition, if Teixeira fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 3 through 6 of the Information.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Teixeira agrees that any dismissed charges or any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Teixeira may be commenced against him, notwithstanding the expiration of the limitations period after Teixeira signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 (Count 1) to which Teixeira agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 26 U.S.C. § 7201 (Count 2) to which Teixeira agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum alternative fine equal to the greatest of: (1) 250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The sentence on each count may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Teixeira is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Teixeira ultimately will receive.

Further, in addition to imposing any other penalty on Teixeira, the sentencing judge: (1) will order Teixeira to pay an assessment of $100 per count (for a total of $200) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Teixeira to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) may order Teixeira, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) may order Teixeira to pay the costs of prosecution with respect to the offense charged in Count 2; and (5) pursuant to 18 U.S.C. § 3583, may require Teixeira to serve a term of supervised release of not more than three years each on Count 1 and Count 2, which will begin at the expiration of any term of imprisonment imposed. Should Teixeira be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Teixeira may be sentenced to not more than two years' imprisonment each with respect to Count 1 and Count 2, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Teixeira agrees to make full restitution for all losses resulting from the criminal activity underlying the charge in Count 1 of the Information in the amount of $107,800.

In addition to the foregoing, and pursuant to 18 U.S.C. § 3663(a)(3), Teixeira agrees to pay restitution in the amount of $47,353 to the Internal Revenue Service ("IRS"). The restitution amount is based upon the total tax loss due and owing for calendar years 2014 through 2018 and shall be paid according to a payment plan established by the Court. If the Court orders Teixeira to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Teixeira does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Teixeira's timely payment of restitution, according to that schedule, will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Teixeira by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or

otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Teixeira's activities and relevant conduct with respect to this case.

Stipulations

This Office and Teixeira agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Teixeira from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Teixeira waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Teixeira understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Teixeira understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Teixeira wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Teixeira understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.

Accordingly, Teixeira waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Federal Tax Form 870 Waiver

Prior to the date of sentencing, Teixeira shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2014, 2015, 2016, 2017 and 2018; (2) provide all appropriate documentation to the IRS in support of such Form 870 Waiver, upon request; (3) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (4) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Teixeira agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Teixeira. With respect to disclosure of the criminal file to the IRS, Teixeira waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Teixeira's tax returns and return information.

Furthermore, Teixeira agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2014 through 2018 or for any other amounts paid in accordance with this agreement. Teixeira agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Teixeira. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service), or any third party from initiating or prosecuting any civil or administrative proceeding against Teixeira.

No provision of this agreement shall preclude Teixeira from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Teixeira received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Teixeira and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

/s/ Sean Farrell
_____

By: Sean Farrell
    Lee M. Cortes, Jr.
    Assistant U.S. Attorneys

APPROVED:

*Ronnell L. Wilson*
Ronnell L. Wilson
Chief, Special Prosecutions Division

I have received this letter from my attorney, John Lynch, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____       Date: 8/14/22
Antonio Teixeira


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____       Date: 8/14/22
John Lynch, Esq.

Plea Agreement with Teixeira

Schedule A

1. This Office and Teixeira recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Teixeira nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Teixeira within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Teixeira further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2021, applies in this case.

Count 1: 18 U.S.C. § 1349

3. The applicable guideline is U.S.S.G. § 2B1.1. The guideline carries a Base Offense Level of 7 pursuant to U.S.S.G. § 2B1.1(a)(1).

4. The parties agree that the loss attributable to the offense conduct was more than $95,000 but less than $150,000. This results in an 8-level increase pursuant to U.S.S.G. § 2B1.1(b)(1)(E).

5. Accordingly, the parties agree that the total offense level for Count 1 is 15.

Count 2: 26 U.S.C. § 7201

6. The applicable guideline is U.S.S.G. § 2T1.1, which directs the application of § 2T4.1. U.S.S.G. § 2T1.1(a)(1). The Base Offense Level is 14 because the total tax loss is more than $40,000, but less than $100,000. U.S.S.G § 2T4.1(E).

7. The parties agree that Teixeira failed to report income from criminal activity exceeding $10,000 in at least one calendar year, which results in a 2-level increase pursuant to U.S.S.G. § 2T1.1(b)(1).

8. Accordingly, the parties agree that the total offense level for Count 2 is 16.

Grouping Analysis

9. The parties agree that Count 1 and Count 2 group together under U.S.S.G. § 3D1.2(d).

10. The parties further agree that, pursuant to U.S.S.G. § 3D1.3(b), the Combined Offense Level for Counts 1 and 2, is 16.

11. As of the date of this letter, Teixeira has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Thus, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Teixeira's acceptance of responsibility continues through the date of sentencing. U.S.S.G. § 3E1.1(a).

12. As of the date of this letter, Teixeira has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Teixeira's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Teixeira enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Teixeira's acceptance of responsibility has continued through the date of sentencing and Teixeira therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Teixeira's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

13. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Teixeira is 13 (the "agreed total Guidelines offense level.")

14. Teixeira knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 13. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 13. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to

herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

15. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

  a. Any proceeding to revoke the term of supervised release;

  b. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A); and

  c. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).